# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JARVIS KING,<br><br>　　　　　　　Defendant. | Case No. 04-CR-285-20-JPS<br><br><br>**ORDER** |

### 1.　　INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 6, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited June 6, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In March 2024, Defendant Jarvis King ("Defendant") moved for a sentence reduction under Amendment 821, as well as for reconsideration of the Court's October 2022 order granting Defendant's motion for a sentence reduction under the First Step Act. ECF No. 1650. With respect to Amendment 821, Defendant specifically moves under the Status Point Amendment. *Id.* at 2 (referencing the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment work-release, or escape status"). With respect to his motion for reconsideration, Defendant seeks a further sentence reduction. *Id.* at 4 ("Def[endant] now ask[s] for another reduction of sentence . . . ."). In its October 2022 order, the Court reduced Defendant's then sentence of life imprisonment to a total term of 288 months of imprisonment, to be followed by five years of supervised release. ECF No. 1640. Defendant is currently set to be released in January 2026. *See Federal Bureau of Prisons Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited June 6, 2024).

2. **LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . .

Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. ECF No. 1619 at 135. Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821 because the Status Point Amendment does not have the effect of lowering Defendant's Guidelines range. U.S.S.G. § 1B1.10(a)(2)(B). Applying the Status Point Amendment, Defendant's 14 criminal history points are lowered by one, for a total of 13

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

criminal history points. ECF No. 1619 at 135–36; ECF No. 1640 at 6. With 13 criminal history points, Defendant's criminal history category remains VI, and combined with his total offense level of 42, his Guidelines range remains 360 months to life. *Id.*

This was the same Guidelines range with which the Court was working when it granted Defendant's First Step Act motion. ECF No. 1640 at 6. Thus, the 288-month reduced sentence imposed by way of that order also fell below the original Guidelines range. U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies").

Accordingly, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821, ECF No. 171, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction. For these same reasons, and because the Court stands by its analysis in the First Step Act order, it will not reconsider the reduced term of imprisonment it imposed at that time.

Accordingly,

**IT IS ORDERED** that Defendant Jarvis King's motion to reduce his sentence under Amendment 821, ECF No. 1650, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge